

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00255-CR

DEWAYNE DESHAE WILLIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 6553, Honorable Kelly Moore, Presiding

December 28, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Dewayne Deshae Willis, through a single issue, appeals the revocation of his probation for Class A misdemeanor theft. We affirm.

*Background*

The State moved to revoke appellant's probation on eleven grounds. When asked how he pled to the allegations, appellant answered true to ten of those eleven grounds, but not true to the allegation expressed in paragraph A. An evidentiary hearing ensued during which the State presented evidence of a criminal trespass

committed by appellant. The latter objected because it was "not one of the allegations in this revocation." Furthermore, "any testimony regarding any potential violation of a previous criminal trespass order is a criminal violation for which I was not given notice." In response, the trial court said:

> Well, unless you want to bifurcate the hearing -- you know, if we bifurcate the hearing, then once I make determinations if there's been a violation, then I'm going to hear evidence of anything relevant on punishment. And so I guess what I'm going to do since you've entered a plea of true, I'm going to overrule the objection and allow the testimony, and I'll consider it on my punishment.[1]

The motion to revoke was ultimately granted. The trial court found the allegations in the motion to be "true" ". . . based upon your plea and the evidence presented. . . ." So too did it revoke his probation and sentence him to 11 months in the county jail.

*Extraneous offense*

Through his sole issue, appellant asserts that the trial court denied him "due process." That is, the State allegedly was obligated to notify him of its intent to use the evidence of criminal trespass as a ground for revoking probation. Assuming *arguendo* that the "due process" complaint was preserved since the constitutional right was never mentioned in the objection at trial, we nonetheless overrule the issue.

Revocation proceedings are unitary in nature. *Parker v. State*, No. 05-13-01535-CR, 2014 Tex. App. LEXIS 13838, at *5-6 (Tex. App.—Dallas December 29, 2014, no pet.) (not designated for publication). In such proceedings "as in a punishment hearing, the parties may offer any evidence the court deems relevant to sentencing, including unadjudicated extraneous offenses and previous bad acts attributable to the defendant." *Id.* The trial court at bar knew that, as evinced by its explanation for overruling the

---

[1] Appellant did not request a bifurcated hearing.

2

objection.  So too did it reveal that the evidence at issue would be considered for purposes of "punishment," which it had the authority to do.  And, appellant fails to argue that he was entitled to some prior notice of its use for that purpose as a condition to it being admitted.  Nor did he cite us to anything of record illustrating that the State offered the evidence as an alternative basis upon which to revoke his probation; indeed, it was not needed given the plea of true to ten other allegations.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

3